**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED

2007 MAR 23  PM 3: 30

UCS

KIRI TORRE
EF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
S. GANCAY___
_____ DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF SAN JOSE
AND DOES 1 THROUGH 20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EMILY BRIGGS

---

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* CV082418 |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA
CLARA, 191 NORTH FIRST STREET, SAN JOSE CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
SIDNEY C. FLORES, SBN  64082, FLORES & BARRIOS
97 E. St. James Street, Ste 102, San Jose Ca 95113 ,  (408) 292-3400

| DATE: *(Fecha)* MAR 2 3 2007 | Kiri Torre Chief Executive Officer/Clerk | Clerk, by *(Secretario)* S. GANCAYCO | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|

1   Sidney C. Flores, SBN 64082
    Flores & Barrios
2   97 E. St. James Street, Ste 102
    San Jose CA 95112
3   Mailing Address:
    P.O. Box 266
4   San Jose CA 95103-0266
    Telephone : (408) 292-3400
5
    Attorney for Plaintiff Emily Briggs
6
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
7
                            COUNTY OF SANTA CLARA
8

UCS

FILED  Santa Clara Co
03/23/07   3:31pm
Kiri Torre
Chief Executive Offic
By: ssancayco deicler
R#200700029173
CK          $320.00
TL          $320.00
Case: 1-07-CV-082418

9
10   EMILY BRIGGS,                      Case No.: 1 0 7   C V 0 8 2 4 1 8

                        Plaintiff,      COMPLAINT FOR DAMAGES, AND
11                                      DISCRIMINATION BASED ON
     vs.                                RACE/COLOR; DISCRIMINATION BASED
12                                      ON DISABILITY AND AGE IN
     CITY OF SAN JOSE, and DOES 1 through   VIOLATION OF GOVERNMENT Code Sec.
13   20,                                12940 et. seq. AND AMERICAN
                                        DISABILITIES ACT ("ADA") 45 U.S.C.
14                                      12101 et.seq;
                        Defendants
15   _____/

16
17       1.  At all times herein Emily Briggs was an adult female and a resident of the State of

18   California, County of Santa Clara. She has been an employee of the City of San Jose for 19 years,

19   working in the City of San Jose at various positions. Her position at the time of termination was

20   Senior Analyst for the Department of Transportation.

21       2.  Plaintiff is informed and believes and thereon alleges that, at all times material herein,

22   Defendant City of San Jose was a city duly chartered by the State of California.

23       3.  The true names and capacities of the Defendant named herein as Does 1 through 20,

24   inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff who

25   therefore sues such Defendants by fictitious names pursuant to the California Code of Civil

26   Procedure § 474. Plaintiff is informed and believes that Doe Defendants are California residents.

27   Plaintiff will amend this complaint to show such true names and capacities when they have been

28

---

Emily Briggs v. City of San Jose,
Complaint for Damages

                                        1

1 determined.

2 **GENERAL ALLEGATIONS**

3     4. Plaintiff is informed and believes and thereby alleges that each of the Defendants

4 herein was, at all times relevant hereto, the agent, employer, or representative of the remaining

5 Defendants and was acting within the course and scope of such relationship.

6     5. Plaintiff is informed and believes and on that information and belief alleges the

7 following facts:

8     6. Since she was first employed by the City of San Jose, Plaintiff's work performance

9 evaluations have been above standard. In those nineteen years of employment she has never had a

10 disciplinary action, nor any work-related injury, other than the 2004 injury an subsequent re-

11 injury thereafter in 2005.

12     7. During Plaintiff's tenure as Senior Analyst, prior to her work-related injury she was

13 responsible for the planning, implementation and completion of special projects for the Division,

14 as assigned by the Deputy Director, including regular duties of supervising clerical and budget

15 staff and the development, management and monitoring of the Operating Budget.. On the

16 average Plaintiff's work entailed being on the computer 70% to 80% of her working hours.

17     8. On or about January 21, 2004, cumulative trauma injury from Repetitive Motion as

18 to her work at the computer for over 18 years caused Plaintiff to be off and on work, due to her

19 condition.

20     9. On or about July of 2004 the City of San Jose determined that the injury/condition of

21 Plaintiff was work related and thereafter acknowledged the workers compensation claim of

22 Plaintiff by and through the City's designated Qualified Medical Evaluator, Dr. Ravi Nayak.

23     10. On or about November of 2004, Plaintiff underwent surgery for Carpal Tunnel

24 Syndrome, (hereinafter referred to as "CTS"), as to her right hand/wrist. On or about January of

25 2005 Plaintiff underwent CTS release for her left hand/wrist.   Plaintiff was under the belief and

26 hope that the pain to her neck and spine was CTS related, however the neck pain persisted after

27

28

**Emily Briggs v. City of San Jose,**
**Complaint for Damages**

1   the  bilateral surgery to the wrists

2       11.   On or about March/April of 2005 Plaintiff had a discogram performed on her neck

3   area/spine and she was diagnosed with C-5/C-6 herniated discs that required discectomy surgery

4   and fusion.

5       12.   On or about may of 2005, Plaintiff was operated on for her spinal/neck herniated

6   disc and had a 2 level posterior fusion and the placement of hardware/titanium screws to

7   complete the fusion.

8       13.   Thereafter,   Plaintiff had numerous physical therapy visits and was healing from the

9   neck surgery  was off work on temporary disability, per her treating Doctors and in the hope of

10  being able to return to work.

11      14.   On or about late August of 2005, Plaintiff got off the pain medications and

12  requested her treating Doctor to release her to return to work, Plaintiff returned to work on

13  September 06, 2005 on a modified 4 hour work day, per Doctors advice.

14      15.   From September 2005 through November 2005, Plaintiff worked on a modified

15  basis and at times was not able to work certain days, due to pain medication being prescribed to

16  her by her Doctor.

17      16.   On or about November 10, 2005,  Plaintiff suffered a further injury to her spine,

18  while at work,   she pulled a heavy arm chair causing her severe pain to her neck and spine.

19      17.   On or about December of 2005, Plaintiff began suffering gastro complications

20  related to the treatment regimen of certain drugs, which caused the Treating Doctor to refer

21  Plaintiff to a Pain Management Program.

22      18.   Upon Plaintiff's return to work, post surgery, her physical condition should be

23  construed as being within the confines of the protections set forth for Handicapped individuals

24  pursuant to Title VII, the American Disabilities Act and as set forth pursuant to the State of

25  California Person's with Disabilities Civil Rights Act.

26      19.   On December 20, 2006, the Equal Employment Opportunity Commission ("EEOC")

27

28

1  mailed to Plaintiff a "Dismissal and Notice of Rights" in Case No. 556-2006-00687 ( Exhibit

2  "1") which Plaintiff received on or about December 26, 2006. Plaintiff has thus exhausted her

3  administrative remedies as required by law.

### FIRST CAUSE OF ACTION

### Violation of California's Persons With Disabilities Civil Rights Act

6      20.  Plaintiff repeats each and every paragraph of this Complaint as though fully set forth

7  herein.

8      21.  At all times relevant herein, the California Government Code Section 12940 et. seq.

9  guaranteed Plaintiff Ms Briggs a right to be free of discrimination based upon any disability,

10 perceived disability or history of disability.

11     22.  At all relevant times, Ms.Briggs was a person with a disability, history of a

12 "disability" and/or perceived as "disabled" under the California Government Code Section 12940

13 et. seq.

14     23.  Defendants became aware of Ms Briggs' disability and history of a disability.

15     24.  As of the date Ms Briggs sought to return to work, her disability was unrelated to her

16 ability to perform the essential functions of her particular job with Defendants.

17     25.  Defendants violated Ms Briggs' civil rights by discriminating against her on the basis

18 of her disability, history of disability and/or perceived disability in the following aspects:

19          a. Terminating her employment.

20          b. Obtaining and receiving information about her medical history that was

21 irrelevant to her ability to perform the essential functions of her job, and using such information

22 in decisions affecting her employment.

23          c. Limiting, segregating, or classifying her in a way which deprived or tended to

24 deprive her of employment opportunities or otherwise adversely affected her status.

25          d. Harassing her in order to force her to terminate her employment.

26          e. Otherwise discriminating against her with respect to the terms, conditions and

27

28

**Emily Briggs v. City of San Jose,**
**Complaint for Damages**

                                    4

1  privileges of employment because of her disability, history of disability and/or perceived

2  disability.

3      26.   As a direct and proximate result of Defendants' violation of the California

4  Government Code Section 12940 et. seq., Plaintiff Ms Briggs has suffered damages, including

5  but not limited to loss of past and future income and fringe benefits, loss of professional

6  reputation, mental anxiety and emotional distress.

7      WHEREFORE, Plaintiff Ms Briggs requests that this Honorable Court award her

8  damages in whatever amount is shown to be established by the proofs in this cause, together with

9  interest, costs, and reasonable attorneys' fees.

10  **SECOND CAUSE OF ACTION**

11  **Violation of American Disabilities Act**

12      27.   Plaintiff repeats each and every paragraph of this Complaint as though fully set forth

13  herein.

14      28.   At all times relevant herein, Defendants were "employers" and Plaintiff Ms Briggs

15  was an employee" under the Americans with Disabilities Act ("ADA"), 45 U.S.C. 12101 et seq.

16      29.   At all relevant times, the ADA guaranteed Ms.Briggs was a right to be free of

17  discrimination based upon any disability, perceived disability or history of disability.

18      30.   At all relevant times herein, Ms Briggs was a "qualified person with a disability"

19  under the ADA due to her disability, record of a disability and/or due to Defendants' perception

20  that she was disabled.

21      31.   Defendants became aware of Plaintiff's disability and history of a disability.

22      32.   As of the date Ms Briggs sought to return to work, her disability was unrelated to her

23  ability to perform the essential functions of her particular job with Defendants.

24      33.   Defendants violated Ms Briggs' civil rights by discriminating against her on the

25  basis of her disability, history of disability and/or perceived disability in the following aspects:

26          a. Terminating her employment.

27

28

**Emily Briggs v. City of San Jose,**
**Complaint for Damages**

1         b. Obtaining and receiving information about her medical history that was

2  irrelevant to her ability to perform the essential functions of her job, and using such information

3  in decisions affecting her employment.

4         c. Limiting, segregating, or classifying her in a way which deprived or tended to

5  deprive her of employment opportunities or otherwise adversely affected her status.

6         d. Harassing her in order to force her to terminate her employment.

7         e. Otherwise discriminating against her with respect to the terms, conditions and

8  privileges of employment because of her disability, history of disability and/or perceived

9  disability.

10      34.  Defendants' violation was willful.

11      35.  As a direct and proximate result of Defendants' violation of the ADA, Plaintiff has

12  suffered damages, including but not limited to loss of past and future income and fringe benefits,

13  loss of professional reputation, mental anxiety and emotional distress.

14      WHEREFORE, Plaintiff Ms Briggs requests that this Honorable Court award her

15  damages in whatever amount is shown to be established by the proofs in this cause, together with

16  punitive damages, interest, costs, and reasonable attorneys' fees.

17  **THIRD CAUSE OF ACTION**

18  **Age Discrimination in Employment Act**

19      36.  Plaintiff repeats each and every paragraph of this Complaint as though fully set forth

20  herein.

21      37.  Defendant engaged in a continuous course of unlawful intentional discrimination

22  against Plaintiff on the basis of age by the harmful and offensive comments and conduct, which

23  discrimination created a hostile and offensive working environment and had the purpose and

24  effect of unreasonably interfering with the terms and conditions of Plaintiff's employment, and

25  by applying different standards of performance and discipline to Plaintiff than were applied to

26  younger employees, in violation of the Age Discrimination in Employment Act ("ADEA"), as

27

28

---

**Emily Briggs v. City of San Jose,**
**Complaint for Damages**

1  amended, 29 U.S.C. Section 626(b).

2      38.  Defendant's actions were done intentionally, with an improper, abusive,

3  discriminatory and retaliatory motive, and with reckless indifference to Plaintiff's federally

4  protected rights. Such conduct should not be tolerated by this society, and liquidated damages

5  should be awarded to punish Defendant and deter such conduct in the future.

6      39.  Plaintiff should be reinstated to her position of employment with Defendant or if

7  reinstatement is not feasible awarded an appropriate amount for loss of earning capacity and

8  future loss wages and benefits of employment.

9      40.  Plaintiff is entitled to recover his reasonable attorney fees, costs, and expert witness

10  expenses pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA").

11                   **FOURTH CAUSE OF ACTION**

12                       **Age Discrimination**

13            [California Gov. Code Sec. 12940 et.seq.]

14      41.  Plaintiff repeats each and every paragraph of this Complaint as though fully set forth

15  herein.

16      42.  Defendant engaged in unlawful intentional discrimination against Plaintiff on the

17  basis of age, which discrimination created a hostile and offensive working environment and

18  unreasonably interfered with the terms and conditions of Plaintiff's employment, and by applying

19  different standards of performance and discipline to Plaintiff than were applied to younger

20  employees, in violation of California Gov. Code Sec. 12940 et.seq..

21      43.  Plaintiff is entitled to recover her reasonable attorney fees, costs, and expert witness

22  expenses pursuant to California Gov. Code Sec. 12940 et.seq..

23                      **PRAYER FOR RELIEF**

24  1.  For compensatory damages for losses resulting from humiliation, mental anguish, and

25      emotional distress according to proof;

26  2. General damages according to proof;

27

28

Emily Briggs v. City of San Jose,
Complaint for Damages

7

1   3.  Medical and incidental expenses, past, present, and future, according to proof;

2   4. Loss of income and earning capacity, according to proof;

3   5. Interest on the amount of losses incurred at the prevailing legal rate;

4   6. Punitive damages against the individual Defendants;

5   7. Reinstatement of Plaintiff to the position which she previously held and all benefits

6   attached thereto but for said discrimination and termination;

7   8. Costs of this action including reasonable attorney's fees;

8   9. And, for such other and further relief as the court may deem proper.

9

10   Dated: March 23, 2007

11                                    SIDNEY C. FLORES
                                      Attorney for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Emily Briggs v. City of San Jose,**
**Complaint for Damages**

8

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To:  **Emily Briggs**
169 Guadalupe Terrace
Fremont, CA 94539

From: San Jose Local Office - 556
96 North Third Street
Suite 200
San Jose, CA 95112

[ ]  *On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 556-2006-00687 | Lisa B. Fung, Investigator | (408) 291-4247 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]  While reasonable efforts were made to locate you, we were not able to do so.

[ ]  You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____          12-20-2006
BeaJung Atkins,                                    (Date Mailed)
Local Office Director

Enclosures(s)

cc:   **Alex Gurza**
Director, Employee Relations
CITY OF SAN JOSE
Office of Employee Relations
200 East Santa Clara Street
San Jose, CA 95113

## EXHIBIT A