SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF SAN JOSE, James Helmer, Stephanie Dueltgen, AND DOES 1 THROUGH 20 Diane Milowicki aka Diane Milo

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EMILY BRIGGS

FIRST AMENDED



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
2007 MAY 10 P 3: 26
KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY D. Wendel, DEPUTY CLERK

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA, 191 NORTH FIRST STREET, SAN JOSE CA 95113

CASE NUMBER: *(Número del Caso):* 1 07 CV 082418

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
SIDNEY C. FLORES, SBN 64082, FLORES & BARRIOS
97 E. St. James Street, Ste 102, San Jose Ca 95113   (408) 292-3400

DATE: MAY 1 0 2007   Kiri Torre   Clerk, by D. Wendel, Deputy
*(Fecha)*   Chief Executive Officer/Clerk   *(Secretario)*   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Sidney C. Flores, SBN 64082
Flores & Barrios
97 E. St. James Street, Ste 102
San Jose CA 95112

Mailing Address:
P.O. Box 266
San Jose CA 95103-0266
Telephone : (408) 292-3400

Attorney for Plaintiff Emily Briggs



SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| EMILY BRIGGS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF SAN JOSE, JAMES HELMER, STEPHANIE DUELTGEN, DIANE MILOWICKI aka DIANE MILO and DOES 1 through 20,<br><br>　　　　　　Defendants | Case No.: 1 07 CV 082418<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES, AND DISCRIMINATION BASED ON RACE/COLOR; DISCRIMINATION BASED ON DISABILITY AND AGE IN VIOLATION OF GOVERNMENT Code Sec. 12940 et. seq. AND AMERICAN DISABILITIES ACT ("ADA") 45 U.S.C. 12101 et.seq; |

1. At all times herein Emily Briggs was an adult female and a resident of the State of California, County of Santa Clara. She has been an employee of the City of San Jose for 19 years, working in the City of San Jose at various positions. Her position at the time of termination was Senior Analyst for the Department of Transportation.

2. Plaintiff is informed and believes and thereon alleges that, at all times material herein, Defendant City of San Jose was a city duly chartered by the State of California.

3. Plaintiff is informed and believes and thereon alleges that, at all times material herein,

---

Emily Briggs v. City of San Jose, Case No. 1 07 CV 082418
Complaint for Damages

1

1  Defendant James Helmer was the Director of the Department of Transportation for the City of San Jose. Defendant Stephanie Dueltgen was an administrative officer with the Department of Transportation for the City of San Jose and Plaintiff's supervisor. Defendant Diane Milowicki was the personnel and safety manager with the Department of Transportation for the City of San Jose.

4. The true names and capacities of the Defendant named herein as Does 1 through 20, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff who therefore sues such Defendants by fictitious names pursuant to the California Code of Civil Procedure § 474. Plaintiff is informed and believes that Doe Defendants are California residents. Plaintiff will amend this complaint to show such true names and capacities when they have been determined.

## GENERAL ALLEGATIONS

5. Plaintiff is informed and believes and thereby alleges that each of the Defendants herein was, at all times relevant hereto, the agent, employer, or representative of the remaining Defendants and was acting within the course and scope of such relationship.

6. Plaintiff is informed and believes and on that information and belief alleges the following facts:

7. Since she was first employed by the City of San Jose, Plaintiff's work performance evaluations have been above standard to exceptional. In those nineteen years of employment she has never had a disciplinary action, nor any major work-related injury, other than the 2004 injury an subsequent re-injury thereafter in 2005. In 1992 she did have a minor muscular injury when asked to lift flattened cardboard boxes necessary for an office move.

8. During Plaintiff's tenure as Senior Analyst, prior to her work-related injury she was responsible for the planning, implementation and completion of special projects for the Division, as assigned by the Deputy Director, including regular duties of supervising clerical and budget staff and the development, management and monitoring of the Operating Budget.. On the average Plaintiff's work entailed being on the computer 70% to 80% of her working hours.

---

Emily Briggs v. City of San Jose, Case No. 1 07 CV 082418
Complaint for Damages

2

9. On or about January 21, 2004, cumulative trauma injury from Repetitive Motion as to her work at the computer for over 18 years caused Plaintiff to be off and on work, due to her condition. Plaintiff underwent physical and occupational therapy with Dr. Norman Kohen, a medical consultant for the City of San Jose. Dr. Kohen advised Plaintiff to file a worker's compensation claim. After six months Dr. Kohen declared Plaintiff's condition to be healed. Plaintiff, however, felt no improvement, and in fact, felt worse since no work had been don to bring her work station up to acceptable ergonomic standards.

10. On or about July of 2004 the City of San Jose determined that the injury/condition of Plaintiff was work related and thereafter acknowledged the workers compensation claim of Plaintiff by and through the City's designated Qualified Medical Evaluator, Dr. Ravi Nayak.

11. On or about November of 2004, Plaintiff underwent surgery for Carpal Tunnel Syndrome, (hereinafter referred to as "CTS"), as to her right hand/wrist. On or about January of 2005 Plaintiff underwent CTS release for her left hand/wrist. Plaintiff was under the belief and hope that the pain to her neck and spine was CTS related, however the neck pain persisted after the bilateral surgery to the wrists. Between December 2004 and January 2005, Plaintiff underwent spinal steroid injections to alleviate the pain her neck and back. However, the pain persisted.

12. On or about March/April of 2005 Plaintiff had a discogram performed on her neck area/spine and she was diagnosed with C-5/C-6 herniated discs that required discectomy surgery and fusion.

13. On or about May of 2005, Plaintiff was operated on for her spinal/neck herniated disc and had two discs removed and replaced with prosthetic cadaver bones, secured with the placement of hardware/titanium screws to complete the fusion. Plaintiff agreed to undergo this operation in order to return to work and continue to have good quality of life with her family, friends and community.

14. Thereafter, Plaintiff had numerous physical therapy visits and was healing from the neck surgery was off work on temporary disability, per her treating Doctors and in the hope of being

able to return to work.

15. On or about late August of 2005, Plaintiff got off the pain medications on her own accord and requested her treating doctor to release her to return to work, Plaintiff returned to work on September 06, 2005 on a modified 4 hour work day, per Doctors advice.

16 From September 2005 through November 2005, Plaintiff worked on a modified basis and at times was not able to work certain days, due to pain medication being prescribed to her by her doctor.

17. On or about November 10, 2005, Plaintiff suffered a further injury to her spine, while at work, when she pulled on the arm of coworkers heavy arm chair that she did not know was already broken causing her severe pain to her neck and spine.

18. On or about December of 2005, Plaintiff began suffering gastro complications related to the treatment regimen of certain drugs, which caused the treating doctor to refer Plaintiff to a pain management program. The referral to the pain management treatment program was refused by the City of San Jose worker's compensation insurance for eight months which caused Plaintiff to be bed ridden until late November, 2006.

19. Upon Plaintiff's return to work, post surgery, her physical condition should be construed as being within the confines of the protections set forth for Handicapped individuals pursuant to Title VII, the American Disabilities Act and as set forth pursuant to the State of California Person's with Disabilities Civil Rights Act.

20. On December 20, 2006, the Equal Employment Opportunity Commission ("EEOC") mailed to Plaintiff a "Dismissal and Notice of Rights" in Case No. 556-2006-00687 ( Exhibit "1") which Plaintiff received on or about December 26, 2006. Plaintiff has thus exhausted her administrative remedies as required by law.

### FIRST CAUSE OF ACTION

### Violation of California's Persons With Disabilities Civil Rights Act

21. Plaintiff repeats each and every paragraph of this Complaint as though fully set forth

herein.

22. At all times relevant herein, the California Government Code Section 12940 et. seq. guaranteed Plaintiff Ms Briggs a right to be free of discrimination based upon any disability, perceived disability or history of disability.

23. At all relevant times, Ms.Briggs was a person with a disability, history of a "disability" and/or perceived as "disabled" under the California Government Code Section 12940 et. seq.

24. Defendants became aware of Ms Briggs' disability and history of a disability.

25. As of the date Ms Briggs sought to return to work, her disability was unrelated to her ability to perform the essential functions of her particular job with Defendants.

26. Defendants violated Ms Briggs' civil rights by discriminating against her on the basis of her disability, history of disability and/or perceived disability in the following aspects:

    a. Terminating her employment.

    b. Obtaining and receiving information about her medical history that was irrelevant to her ability to perform the essential functions of her job, and using such information in decisions affecting her employment.

    c. Willfully refusing to provide her with an ergonomic work station until she filed a Worker's compensation claim.

    d. Limiting, segregating, or classifying her in a way which deprived or tended to deprive her of employment opportunities or otherwise adversely affected her status.

    e. Harassing her in order to force her to terminate her employment.

    f. Otherwise discriminating against her with respect to the terms, conditions and privileges of employment because of her disability, history of disability and/or perceived disability.

27. As a direct and proximate result of Defendants' violation of the California Government Code Section 12940 et. seq., Plaintiff Ms Briggs has suffered damages, including but not limited to loss of past and future income and fringe benefits, loss of professional reputation,

---

Emily Briggs v. City of San Jose, Case No. 1 07 CV 082418
Complaint for Damages

1  mental anxiety and emotional distress.

2  WHEREFORE, Plaintiff Ms Briggs requests that this Honorable Court award her damages
3  in whatever amount is shown to be established by the proofs in this cause, together with interest,
4  costs, and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### Violation of American Disabilities Act

7  28. Plaintiff repeats each and every paragraph of this Complaint as though fully set forth
8  herein.

9  29. At all times relevant herein, Defendants were "employers" and Plaintiff Ms Briggs was
10 an employee" under the Americans with Disabilities Act ("ADA"), 45 U.S.C. 12101 et seq.

11 30. At all relevant times, the ADA guaranteed Ms. Briggs a right to be free of discrimination
12 based upon any disability, perceived disability or history of disability.

13 31. At all relevant times herein, Ms Briggs was a "qualified person with a disability" under
14 the ADA due to her disability, record of a disability and/or due to Defendants' perception that she
15 was disabled.

16 32. Defendants became aware of Plaintiff's disability and history of a disability.

17 33. As of the date Ms Briggs sought to return to work, her disability was unrelated to her
18 ability to perform the essential functions of her particular job with Defendants.

19 34. Defendants violated Ms Briggs' civil rights by discriminating against her on the basis
20 of her disability, history of disability and/or perceived disability in the following aspects:

21        a. Terminating her employment.

22        b. Obtaining and receiving information about her medical history that was irrelevant
23 to her ability to perform the essential functions of her job, and using such information in decisions
24 affecting her employment.

25        c. Limiting, segregating, or classifying her in a way which deprived or tended to
26 deprive her of employment opportunities or otherwise adversely affected her status.

27
28

Emily Briggs v. City of San Jose, Case No. 1 07 CV 082418
Complaint for Damages

6

      d. Harassing her in order to force her to terminate her employment.

      e. Otherwise discriminating against her with respect to the terms, conditions and privileges of employment because of her disability, history of disability and/or perceived disability.

35. Defendants' violation was willful.

36. As a direct and proximate result of Defendants' violation of the ADA, Plaintiff has suffered damages, including but not limited to loss of past and future income and fringe benefits, loss of professional reputation, mental anxiety and emotional distress.

WHEREFORE, Plaintiff Ms Briggs requests that this Honorable Court award her damages in whatever amount is shown to be established by the proofs in this cause, together with punitive damages, interest, costs, and reasonable attorneys' fees.

### THIRD CAUSE OF ACTION

#### Age Discrimination in Employment Act

37. Plaintiff repeats each and every paragraph of this Complaint as though fully set forth herein.

38. Defendant engaged in a continuous course of unlawful intentional discrimination against Plaintiff on the basis of age by the harmful and offensive comments and conduct, which discrimination created a hostile and offensive working environment and had the purpose and effect of unreasonably interfering with the terms and conditions of Plaintiff's employment, and by applying different standards of performance and discipline to Plaintiff than were applied to younger employees, in violation of the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. Section 626(b).

39. Defendant's actions were done intentionally, with an improper, abusive, discriminatory and retaliatory motive, and with reckless indifference to Plaintiff's federally protected rights. Such conduct should not be tolerated by this society, and liquidated damages should be awarded to punish Defendant and deter such conduct in the future.

40. Plaintiff should be reinstated to her position of employment with Defendant or if

reinstatement is not feasible awarded an appropriate amount for loss of earning capacity and future loss wages and benefits of employment.

41. Plaintiff is entitled to recover his reasonable attorney fees, costs, and expert witness expenses pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA").

## FOURTH CAUSE OF ACTION

### Age Discrimination

[California Gov. Code Sec. 12940 et.seq.]

42. Plaintiff repeats each and every paragraph of this Complaint as though fully set forth herein.

43. Defendant engaged in unlawful intentional discrimination against Plaintiff on the basis of age, which discrimination created a hostile and offensive working environment and unreasonably interfered with the terms and conditions of Plaintiff's employment, and by applying different standards of performance and discipline to Plaintiff than were applied to younger employees, in violation of California Gov. Code Sec. 12940 et.seq..

44. Plaintiff is entitled to recover her reasonable attorney fees, costs, and expert witness expenses pursuant to California Gov. Code Sec. 12940 et.seq..

## PRAYER FOR RELIEF

1. For compensatory damages for losses resulting from humiliation, mental anguish, and emotional distress according to proof;

2. General damages according to proof;

3. Medical and incidental expenses, past, present, and future, according to proof;

4. Loss of income and earning capacity, according to proof;

5. Interest on the amount of losses incurred at the prevailing legal rate;

6. Punitive damages against the individual Defendants;

7. Reinstatement of Plaintiff to the position which she previously held and all benefits attached thereto but for said discrimination and termination;

---

Emily Briggs v. City of San Jose, Case No. 1 07 CV 082418
**Complaint for Damages**

8. Costs of this action including reasonable attorney's fees;

9. And, for such other and further relief as the court may deem proper.

Dated: May ___, 2007

SIDNEY C. FLORES
Attorney for Plaintiff

Emily Briggs v. City of San Jose, Case No. 1 07 CV 082418
Complaint for Damages

9