RICHARD DOYLE, City Attorney (#88625)
NORA FRIMANN, Chief Trial Attorney (#93249)
ROBERT FABELA, Sr. Deputy City Attorney (#148098)
NKIA D. RICHARDSON, Deputy City Attorney (#193209)
Office of the City Attorney
200 East Santa Clara Street
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for CITY OF SAN JOSE, JAMES HELMER, STEPHANIE DUELTGEN, DIANE MILOWICKI aka DIANE MILO

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| EMILY BRIGGS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAN JOSE, JAMES HELMER, STEPHANIE DUELTGEN, DIANE MILOWICKI aka DIANE MILO, and DOES 1-20, inclusive,<br><br>　　　　　Defendants. | Case Number: C-07-04512 JW<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**[FRCP 12(b)(6)]**<br><br>Date:　　December 10, 2007<br>Time:　　9:00 a.m.<br>Dept:　　Courtroom 8, 4th Floor<br>Judge:　　Honorable James Ware |

## I. INTRODUCTION

Plaintiff Emily Briggs ("Plaintiff") has sued the City of San Jose ("City") as well as City employees James Helmer, Stephanie Dueltgen and Diane Milowicki, aka Diane Milo, for age and disability discrimination.

Plaintiff's First Amended Complaint, however, is deficient in that it improperly attempts to hold City employees individually liable for the discrimination alleged. Moreover, Plaintiff's First Amended Complaint ("FAC") lacks sufficient allegations to support any claims of age

1  discrimination. For these reasons, Defendants Jim Helmer ("Helmer"), Stephanie Dueltgen
2  ("Dueltgen") and Diane Milowicki, aka Diane Milo, ("Milowicki") should be dismissed from the
3  instant action with prejudice. Plaintiff's claims for age discrimination should also be
4  dismissed.

## II. LEGAL ARGUMENT

### A.    STANDARD FOR DISMISSAL PURSUANT TO FRCP 12(B)(6)

The City moves to dismiss this action pursuant to FRCP 12(b)(6) which provides, in part, as follows:

> (a)    (b) Every defense, in law or fact, to a claim for relief in any pleading…shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion…(6) failure to state a claim upon which relief can be granted,…

Generally, a Rule 12(b)(6) dismissal is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). The motion can also be brought where the Plaintiff has included allegations in the pleadings disclosing some absolute defense or bar to recovery. *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 (9th Cir. 1997).

For purposes of a Rule 12 motion, the Court is obligated to accept factual allegations as set forth in the Complaint as true, but it need not accept as true any legal conclusions, speculation, conclusory allegations, or unwarranted factual deductions in deciding the motion. *David v. Bayless*, 70 F.3d 367 (5th Cir. 1995).

### B.    DEFENDANTS HELMER, DUELTGEN AND MILOWICKI MAY NOT BE HELD PERSONALLY LIABLE FOR THE DISCRIMINATION ALLEGED BY PLAINTIFF

In her First Amended Complaint ("FAC"), Plaintiff alleges that Defendants Helmer, Dueltgen and Milowicki violated Plaintiff's civil rights by discriminating against her based on Plaintiff's disability, history of disability and/or perceived disability." FAC, First and Second Causes of Action. Plaintiff further alleges that the same named individual defendants discriminated against Plaintiff on the basis of Plaintiff's age. FAC, Third and Fourth Causes

of Action.  Each of the causes of action contained in Plaintiff's First Amended Complaint are improperly alleged against the named individual defendants, who cannot be held personally liable for discrimination.

Because Congress assessed civil liability only against an employer under Title VII, the Ninth Circuit has held that "individual defendants cannot be held liable for back pay."  *Miller v. Maxwell's International, Inc.*, 991 F.2d 583, 587 (9th Cir.1993) quoting *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir.1982).  Given that the term "employer" is defined to include any agent of the employer under Title VII, the American with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"), some courts have found that supervisors and other agents of the employer are considered employers for liability purposes.  *Miller*, supra, 991 F.2d 583 citing *Hamilton v. Rodgers*, 791 F.2d 439, 442-443 (5th Cir.1986).  The Ninth Circuit, however, is joined by many courts in its continued holding that the agent provisions of Title VII, the ADA and the ADEA were intended to "impose *respondeat superior* liability upon employers for the acts of their agents, not to make 'agents individually liable."  *Rohm v. Homer* 367 F.Supp.2d 1278 (N.D.Cal.2005) citing *EEOC v. AID Sec. Investigations Ltd.* 55 F.3d 1276 (7th Cir.1995); *see also, Lissau v. Southern Food Service, Inc.* 159 F.3d 177 (4th Cir.1998);

The above reasoning is based upon the limitation on liability contained in Title VII and the ADA to employers with fifteen or more employees and the limitation in the ADEA to employers with twenty or more employees.  *Id*; *see also* 29 USC §630(b); 42 U.S.C. §12111(5)(A); 42 USC §2000e(b).  Specifically, the Ninth Circuit articulated that "[i]f Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees."  *Miller v. Maxwell's Intern. Inc.*, *supra*, 991 F.2d at 587.

Similarly, California Courts have found that, through the California Fair Employment and Housing Act ("FEHA"), the state legislature "clearly intended to protect employers of less than five from the burdens of litigating discrimination claims."  *Reno v. Baird* (Cal.1998) 18 Cal.4th 640, 651 citing *Jennings v. Marralle* (1994) 8 Cal.4th 121.  Thus, the California

- 3 -

1 Supreme Court held, "it is 'inconceivable' that the Legislature simultaneously intended to
2 subject individual nonemployers to the burdens of litigating such claims. To so construe the
3 statue would be 'incongruous' and would 'upset the balance' struck by the Legislature." *Id*
4 quoting *Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4th 55, 71-72. Thus, all claims
5 must be dismissed with prejudice with regard to Defendants Helmer, Dueltgen and Milowicki.

6 **C.    PLAINTIFF HAS FAILED TO ASSERT SUFFICIENT FACTS TO ESTABLISH
7          CLAIMS FOR AGE DISCRIMINATION**

8 The Age Discrimination in Employment Act ("ADEA") generally prohibits age
9 discrimination against those persons over forty years old. 29 U.S.C. §621. In order to
10 establish a case for age discrimination in violation of the ADEA, Plaintiff is required to
11 demonstrate that (1) she fell within the ADEA's protected age group – that is, more than forty
12 years of age; (2) she met her employer's legitimate performance expectations; (3) she
13 experienced adverse employment action; and (4) her employer did not treat age neutrally or
14 retained younger persons in the same position. *Douglas v. Anderson et al.*, 656 F.2d 528,
15 532 (9th Cir.1981)

16 Likewise, the California Fair Employment and Housing Act ("FEHA") also prohibits
17 discrimination against employees over the age of forty on the basis of age. Govt. Code
18 §12900 et seq. In order to establish an age discrimination case under FEHA, Plaintiff must
19 show that (1) at the time of the adverse action, she was 40 years old or older; (2) Plaintiff
20 was the subject of an adverse employment action; (3) at the time of the adverse employment
21 action, Plaintiff was satisfactorily performing her job; and (4) Plaintiff was replaced in her
22 position by a significantly younger person or that persons significantly younger were
23 otherwise treated more favorably than plaintiff because of her age. *Hersant v. Cal. Dept. of*
24 *Social Services* (1997) 57 Cal.App.4th 997, 1002-1003; *see also Guz v. Bechtel National, Inc*.
25 (2000) 24 Cal.App.4th 317, 367.

26 While an employment discrimination complaint "need not contain specific facts
27 establishing a prima facie case," it must contain "a short and plain statement of the claim
28 showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema N.A* (2002) 534 U.S.

1 506 citing F.R.C.P. 8(a)(2).  This statement should "give the defendant fair notice of what the
2 plaintiff's claim is and the grounds upon which it rests." *Id.* quoting *Conley v. Gibson* (1957)
3 355 U.S. 41, 47.  The Court "is not required to accept legal conclusions cast in the form of
4 factual allegations as true if those conclusions cannot be reasonably drawn from the facts
5 alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

In the instant matter, the Third and Fourth Causes of Action to Plaintiff's First Amended Complaint assert, in relevant part, as follows:

> Defendant engaged in a continuous course of unlawful intentional discrimination against Plaintiff on the basis of age by the harmful and offensive comments and conduct, which discrimination created a hostile and offensive working environment and had the purpose and effect of unreasonably interfering with the terms and conditions of Plaintiff's employment, and by applying different standards of performance and discipline to Plaintiff than were applied to younger employees.

FAC at 7:15-21

Plaintiff's age discrimination claims are fatally flawed in that she has failed to allege any facts which would support a claim for relief.  Specifically, Plaintiff's First Amended Complaint is devoid of any facts regarding Plaintiff's age or the ages of any other relevant parties, key facts given the threshold requirements under the ADEA and FEHA.  Moreover, Plaintiff has also failed to allege with any specificity what adverse employment action was taken against her as a result of her age.  Finally, Plaintiff's First Amended Complaint lacks sufficient allegations regarding the age of the "younger employees" who received more favorable treatment or the age difference between Plaintiff and those "younger employees."

Merely asserting Plaintiff's legal conclusions that discrimination occurred provides an insufficient foundation to support allegations of age discrimination.  Neither Defendants nor this Court should be left to guess as to the basis for Plaintiff's claims.  For these reasons, Plaintiff's third and fourth actions for age discrimination should be dismissed pursuant to the provisions of FRCP 12(b)(6).

///

///

### III.  CONCLUSION

For all the foregoing reasons, Defendants respectfully requests that the Court grant their Motion to Dismiss.

Respectfully submitted,

Dated:  September 20, 2007     RICHARD DOYLE, City Attorney

By:   /s/ *Robert Fabela*
         ROBERT FABELA
         Sr. Deputy City Attorney

Attorneys for CITY OF SAN JOSE, JAMES HELMER, STEPHANIE DUELTGEN, DIANE MILOWICKI aka DIANE MILO