1   Sidney C. Flores, SBN 64082
    Flores & Barrios
2   97 E. St. James Street, Ste 102
    San Jose CA 95112
3
    Mailing Address:
4   P.O. Box 266
    San Jose CA 95103-0266
5   Telephone : (408) 292-3400

6   Attorney for EMILY BRIGGS

7

8
                    IN THE UNITED STATES DISTRICT COURT
9
                FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
                            SAN JOSE DIVISION
11

12
    EMILY BRIGGS,                          CIVIL ACTION NO .: C-07-04512 JW
13
                    Plaintiff,             SECOND AMENDED COMPLAINT FOR
14                                         DAMAGES, AND DISCRIMINATION
    vs.                                    BASED ON RACE/COLOR;
15                                         DISCRIMINATION BASED ON
    CITY OF SAN JOSE                       DISABILITY AND AGE IN VIOLATION
16                                         OF GOVERNMENT Code Sec. 12940 et.
                                           seq. AND AMERICAN DISABILITIES ACT
17                  Defendant.             ("ADA") 45 U.S.C. 12101 et.seq;
                                      /
18

19                            NATURE OF ACTION

20          This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), Title

21   I of the Civil Rights Act of 1991, and the Age Discrimination in Employment Act of 1967, as

22   amended, 29 U.S.C. § 626(b), to correct unlawful employment practices of City of San Jose which

23   have discriminated against Emily Briggs on the basis of disability and age.  The City of San Jose has

24   denied Plaintiff employment opportunities because Plaintiff suffered a cumulative trauma injury to

25   both her hands and wrist and because Plaintiff is 50 years of age.

26   //

27   //

28   //

JURISDICTION AND VENUE

1.  The United States District Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference §§ 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(f)(1) and (3), and §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.  This action is also authorized and instituted under 29 U.S.C. §626(b) which incorporates reference §16(c) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §216(c).

3.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of California, San Jose Division.

PARTIES

4. At all relevant times, Emily Briggs was an adult female and a resident of the State of California, County of Santa Clara. She has been an employee of the City of San Jose for 19 years, working in the City of San Jose at various positions.  Her position at the time of termination was Senior Analyst for the Department of Transportation.

5. At all relevant times, defendant City of San Jose has continuously been and is now doing business in the State of California and the City of San Jose, and had more than 200 employees at the time of the discriminatory conduct.

6. At all relevant times, City of San Jose has continuously been and is now an employer engaged in an industry affecting commerce under ADA, 42 U.S.C. §12111(5) and 42.U.S.C. §12111(7), which incorporates by reference portions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-(g) and (h); within the meaning of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

7. At all relevant times, defendant has been a covered entity under the ADA, 42 U.S.C. §12111(2), and an employer within the meaning of the ADEA, 29 U.S.C. § 630(b).

8.  Prior to the filing of this Complaint, Plaintiff has attempted to conciliate this matter through informal methods of conciliation, conference and persuasion within the meaning of ADA and ADEA.

STATEMENT OF CLAIMS

//

7. Since she was first employed by the City of San Jose, Plaintiff's work performance evaluations have been above standard to exceptional. In those nineteen years of employment she has never had a disciplinary action, nor any major work-related injury, other than the 2004 injury an subsequent re-injury thereafter in 2005. In 1992 she did have a minor muscular injury when asked to lift flattened cardboard boxes necessary for an office move.

8.   During Plaintiff's tenure as Senior Analyst, prior to her work-related injury she was responsible for the planning, implementation and completion of special projects for the Division, as assigned by the Deputy Director, including regular duties of supervising clerical and budget staff and the development, management and monitoring of the Operating Budget. On the average Plaintiff's work entailed being on the computer 70% to 80% of her working hours.

9.   On or about January 21, 2004, cumulative trauma injury from Repetitive Motion as to her work at the computer for over 18 years caused Plaintiff to be off and on work, due to her condition. Plaintiff underwent physical and occupational therapy with Dr. Norman Kohen, a medical consultant for the City of San Jose. Dr. Kohen advised Plaintiff to file a worker's compensation claim. After six months Dr. Kohen declared Plaintiff's condition to be healed. Plaintiff, however, felt no improvement, and in fact, felt worse since no work had been done to bring her work station up to acceptable ergonomic standards.

10.   On or about July of 2004 the City of San Jose determined that the injury/condition of Plaintiff was work related and thereafter acknowledged the workers compensation claim of Plaintiff by and through the City's designated Qualified Medical Evaluator, Dr. Ravi Nayak.

11.   On or about November of 2004, Plaintiff underwent surgery for Carpal Tunnel Syndrome, (hereinafter referred to as "CTS"), as to her right hand/wrist. On or about January of 2005 Plaintiff underwent CTS release for her left hand/wrist.   Plaintiff was under the belief and hope that the pain to her neck and spine was CTS related, however the neck pain persisted after the bilateral surgery to the wrists. Between December 2004 and January 2005, Plaintiff underwent spinal steroid injections to alleviate the pain her neck and back. However, the pain persisted.

12.   On or about March/April of 2005 Plaintiff had a discogram performed on her neck area/spine
//

and she was diagnosed with C-5/C-6 herniated discs that required discectomy surgery and fusion.

13.   On or about May of 2005, Plaintiff was operated on for her spinal/neck herniated disc and had two discs removed and replaced with prosthetic cadaver bones, secured with the placement of hardware/titanium screws to complete the fusion. Plaintiff agreed to undergo this operation in order to return to work and continue to have good quality of life with her family, friends and community.

14.   Thereafter,  Plaintiff had numerous physical therapy visits and was healing from the neck surgery was off work on temporary disability, per her treating Doctors and in the hope of being able to return to work.

15.   On or about late August of 2005, Plaintiff got off the pain medications on her own accord and requested her treating doctor to release her to return to work. Plaintiff returned to work on September 06, 2005 on a modified 4 hour work day, per Doctors advice.

16   From September 2005 through November 2005, Plaintiff worked on a modified basis and at times was not able to work certain days, due to pain medication being prescribed to her by her doctor.

17.   On or about November 10, 2005, Plaintiff suffered a further injury to her spine, while at work, when she pulled on the arm of coworkers heavy arm chair that she did not know was already broken causing her severe pain to her neck and spine.

18.   On or about December of 2005, Plaintiff began suffering gastro complications related to the treatment regimen of certain drugs, which caused the treating doctor to refer Plaintiff to a pain management program. The referral to the pain management treatment program was refused by the City of San Jose worker's compensation insurance for eight months which caused Plaintiff to be bed ridden until late November 2006.

19.   Upon Plaintiff's return to work, post surgery, her physical condition should be construed as being within the confines of the protections set forth for Handicapped individuals pursuant to Title VII, the American Disabilities Act and as set forth pursuant to the State of California Person's with Disabilities Civil Rights Act.

20.  On December 20, 2006, the Equal Employment Opportunity Commission ("EEOC") mailed to Plaintiff a "Dismissal and Notice of Rights" in Case No. 556-2006-00687 ( Exhibit "1") which //

Emily Briggs v. City of San Jose                                  Case No. 1 07 CV 082418
Complaint for Damages
                                             4

1    Plaintiff received on or about December 26, 2006.  Plaintiff has thus exhausted her administrative

2    remedies as required by law.

3                                                **Count I**

4           **Violation of California's Persons With Disabilities Civil Rights Act**

5    21.   Plaintiff repeats each and every paragraph of this Complaint as though fully set forth herein.

6    22.   At all times relevant herein, the California Government Code Section 12940 et. seq. guaranteed

7    Plaintiff Ms Briggs a right to be free of discrimination based upon any disability, perceived disability

8    or history of disability.

9    23.   At all relevant times, Ms.Briggs was a person with a disability, history of a "disability" and/or

10   perceived as "disabled" under the California Government Code Section 12940 et. seq.

11   24.   Defendants became aware of Ms Briggs' disability and history of a disability.

12   25.   As of the date Ms Briggs sought to return to work, her disability was unrelated to her

13   ability to perform the essential functions of her particular job with Defendants.

14   26.   Defendants violated Ms Briggs' civil rights by discriminating against her on the basis of her

15   disability, history of disability and/or perceived disability in the following aspects:

16           a. Terminating her employment.

17           b. Obtaining and receiving information about her medical history that was irrelevant to her

18           ability to perform the essential functions of her job, and using such information in decisions

19           affecting her employment.

20           c. Willfully refusing to provide her with an ergonomic work station until she filed a Worker's

21           compensation claim.

22           d. Limiting, segregating, or classifying her in a way which deprived or tended to deprive her

23           of employment opportunities or otherwise adversely affected her status.

24           e. Harassing her in order to force her to terminate her employment.

25           f. Otherwise discriminating against her with respect to the terms, conditions and privileges of

26           employment because of her disability, history of disability and/or perceived disability.

27   27.   As a direct and proximate result of Defendants' violation of the California

28   //

---

1  Government Code Section 12940 et. seq., Plaintiff Ms Briggs has suffered damages, including but

2  not limited to loss of past and future income and fringe benefits, loss of professional reputation,

3  mental anxiety and emotional distress.

4      WHEREFORE, Plaintiff Ms Briggs requests that this Honorable Court award her damages

5  in whatever amount is shown to be established by the proofs in this cause, together with interest,

6  costs, and reasonable attorneys' fees.

7  **DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

8  **COUNT II**

9  **Violation of American Disabilities Act**

10  28.  Plaintiff repeats each and every paragraph of this Complaint as though fully set forth herein.

11  29.  At all times relevant herein, Defendants were "employers" and Plaintiff Ms Briggs was an

12  employee" under the Americans with Disabilities Act ("ADA"), 45 U.S.C. 12101 et seq.

13  30.  At all relevant times, the ADA guaranteed Ms.Briggs a right to be free of discrimination based

14  upon any disability, perceived disability or history of disability.

15  31.  At all relevant times herein, Ms Briggs was a "qualified person with a disability" under the ADA

16  due to her disability, record of a disability and/or due to Defendants' perception that she was disabled.

17  32.  Defendants became aware of Plaintiff's disability and history of a disability.

18  33.  As of the date Ms Briggs sought to return to work, her disability was unrelated to her ability to

19  perform the essential functions of her particular job with Defendants.

20  34.  Defendants violated Ms Briggs' civil rights by discriminating against her on the basis of her

21  disability, history of disability and/or perceived disability in the following aspects:

22      a. Terminating her employment.

23      b. Obtaining and receiving information about her medical history that was irrelevant to her

24      ability to perform the essential functions of her job, and using such information in decisions

25      affecting her employment.

26      c. Limiting, segregating, or classifying her in a way which deprived or tended to deprive her

27      of employment opportunities or otherwise adversely affected her status.

28  //

d. Harassing her in order to force her to terminate her employment.

e. Otherwise discriminating against her with respect to the terms, conditions and privileges of employment because of her disability, history of disability and/or perceived disability.

35.   Defendants' violation was willful.

36.   As a direct and proximate result of Defendants' violation of the ADA, Plaintiff has suffered damages, including but not limited to loss of past and future income and fringe benefits, loss of professional reputation, mental anxiety and emotional distress.

WHEREFORE, Plaintiff Ms Briggs requests that this Honorable Court award her damages in whatever amount is shown to be established by the proofs in this cause, together with punitive damages, interest, costs, and reasonable attorneys' fees.

## COUNT III

**Age Discrimination California Gov. Code Sec. 12940 et.seq.**

42.   Plaintiff repeats each and every paragraph of this Complaint as though fully set forth herein.

43.   Defendant engaged in unlawful intentional discrimination against Plaintiff on the basis of age, which discrimination created a hostile and offensive working environment and unreasonably interfered with the terms and conditions of Plaintiff's employment, and by applying different standards of performance and discipline to Plaintiff than were applied to younger employees, in violation of California Gov. Code Sec. 12940 et.seq..

44.   Plaintiff is entitled to recover her reasonable attorney fees, costs, and expert witness expenses pursuant to California Gov. Code Sec. 12940 et.seq.

## COUNT IV

**Age Discrimination in Employment Act**

37.   Plaintiff repeats each and every paragraph of this Complaint as though fully set forth herein.

38.   Defendant engaged in a continuous course of unlawful intentional discrimination against Plaintiff on the basis of age by the harmful and offensive comments and conduct, which discrimination created a hostile and offensive working environment and had the purpose and effect of unreasonably interfering with the terms and conditions of Plaintiff's employment, and by applying different standards

//

1  Government Code Section 12940 et. seq., Plaintiff Ms Briggs has suffered damages, including but

2  not limited to loss of past and future income and fringe benefits, loss of professional reputation,

3  mental anxiety and emotional distress.

4      WHEREFORE, Plaintiff Ms Briggs requests that this Honorable Court award her damages

5  in whatever amount is shown to be established by the proofs in this cause, together with interest,

6  costs, and reasonable attorneys' fees.

7                    **DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

8                                        <u>**COUNT II**</u>

9                          **Violation of American Disabilities Act**

10  28.  Plaintiff repeats each and every paragraph of this Complaint as though fully set forth herein.

11  29.  At all times relevant herein, Defendants were "employers" and Plaintiff Ms Briggs was an

12  employee" under the Americans with Disabilities Act ("ADA"), 45 U.S.C. 12101 et seq.

13  30.  At all relevant times, the ADA guaranteed Ms.Briggs a right to be free of discrimination based

14  upon any disability, perceived disability or history of disability.

15  31.  At all relevant times herein, Ms Briggs was a "qualified person with a disability" under the ADA

16  due to her disability, record of a disability and/or due to Defendants' perception that she was disabled.

17  32.  Defendants became aware of Plaintiff's disability and history of a disability.

18  33.  As of the date Ms Briggs sought to return to work, her disability was unrelated to her ability to

19  perform the essential functions of her particular job with Defendants.

20  34.  Defendants violated Ms Briggs' civil rights by discriminating against her on the basis of her

21  disability, history of disability and/or perceived disability in the following aspects:

22          a. Terminating her employment.

23          b. Obtaining and receiving information about her medical history that was irrelevant to her

24          ability to perform the essential functions of her job, and using such information in decisions

25          affecting her employment.

26          c. Limiting, segregating, or classifying her in a way which deprived or tended to deprive her

27          of employment opportunities or otherwise adversely affected her status.

28  //

---

Emily Briggs v. City of San Jose                              Case No. 1 07 CV 082418
Complaint for Damages
                                        6

of performance and discipline to Plaintiff than were applied to younger employees, in violation of the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. Section 626(b).

39. Defendant's actions were done intentionally, with an improper, abusive, discriminatory and retaliatory motive, and with reckless indifference to Plaintiff's federally protected rights. Such conduct should not be tolerated by this society, and liquidated damages should be awarded to punish Defendant and deter such conduct in the future.

40. Plaintiff should be reinstated to her position of employment with Defendant or if reinstatement is not feasible awarded an appropriate amount for loss of earning capacity and future loss wages and benefits of employment.

41. Plaintiff is entitled to recover his reasonable attorney fees, costs, and expert witness expenses pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA").

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the court to:

1. Assume jurisdiction over each of the causes of action set forth herein.

2. Grant a permanent injunction enjoining defendant, its officers, management personnel, employees, agents, successors, and assigns, and all persons in active concert or participation with defendant, from engaging in any employment practice which discriminates on the basis of disability or on such terms as the court may direct.

3. Order defendant to make plaintiff whole by providing compensation for nonpecuniary losses, including physical and emotional pain and suffering, mental anguish, humiliation, and embarrassment, and loss of enjoyment of life in amounts as are determined at trial.

4. Order defendant to pay plaintiff punitive damages in an amount to be determined at trial.

8. Costs of this action including reasonable attorney's fees;

9. And, for such other and further relief as the court may deem proper.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by its complaint.

//

Emily Briggs v. City of San Jose    Case No. 1 07 CV 082418
Complaint for Damages

8

1    Dated: December 20, 2007

2                                    SIDNEY C. FLORES
                                     Attorney for Plaintiff

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   //

---

**Emily Briggs v. City of San Jose**                               **Case No. 1 07 CV 082418**
**Complaint for Damages**