1  RICHARD DOYLE, City Attorney (#88625)
   NORA FRIMANN, Chief Trial Attorney (#93249)
2  ROBERT FABELA, Sr. Deputy City Attorney (#148098)
   NKIA D. RICHARDSON, Deputy City Attorney (#193209)
3  Office of the City Attorney
   200 East Santa Clara Street
4  San José, California  95113-1905
   Telephone Number: (408) 535-1900
5  Facsimile Number:  (408) 998-3131
   E-Mail Address:  cao.main@sanjoseca.gov
6
   Attorneys for CITY OF SAN JOSE
7

8

9                  UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                      SAN JOSE DIVISION

12

13  EMILY BRIGGS,                          Case Number:  C07-04512 JW

14              Plaintiff,                 **DEFENDANT CITY OF SAN JOSE'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

15       v.

16  CITY OF SAN JOSE,                      **JURY TRIAL DEMANDED**

17              Defendant.

18

19       In answer to the Complaint on file herein, Defendant CITY OF SAN JOSE responds

20  as follows:

21       1.    In answer to the first Paragraph of the Second Amended Complaint on page

22  1:20-25, Defendant hereby admits that Plaintiff has sued for the reasons specified.    Except

23  as so admitted, Defendant responds that Plaintiff's allegations in this paragraph are legal

24  conclusions and Defendant is not obligated to respond since the law on these issues speaks

25  for itself. If Plaintiff's legal conclusions are false, Defendant denies them

26       2.    In answer to Paragraph 1 of the Second Amended Complaint, Defendant

27  responds that Plaintiff's allegations in this paragraph are legal conclusions, not factual

28

                                         1

assertions, and Defendant is not obligated to respond since the law on these issues speaks for itself. If Plaintiff's legal conclusions are false, Defendant denies them.

3.      In answer to Paragraph 2 of the Second Amended Complaint, Defendant responds that Plaintiff's allegations in this paragraph are legal conclusions, not factual assertions, and Defendant is not obligated to respond since the law on these issues speaks for itself. If Plaintiff's legal conclusions are false, Defendant denies them.

4.      In answer to Paragraph 3 of the Second Amended Complaint, Defendant hereby admits that, as pled, this Court has jurisdiction.  Except as so admitted, Defendant responds that Plaintiff's allegations in this paragraph are legal conclusions, not factual assertions, and Defendant is not obligated to respond since the law on these issues speaks for itself. If Plaintiff's legal conclusions are false, Defendant denies them.

5.      In answer to Paragraph 4 of the Second Amended Complaint, Defendant hereby admits the first and second sentences contained therein.  Defendant further admits that, at the time Plaintiff separated from service with the City of San Jose, she was classified as a Senior Analyst within the Department of Transportation.  Defendant hereby denies that Plaintiff was terminated.

6.      In answer to Paragraph 5 of the Second Amended Complaint, Defendant hereby admits that it has and is now doing business in the State of California and City of San Jose and had more than 200 employees at the time of acts alleged in Plaintiff's Second Amended Complaint.  Defendant hereby denies that it has engaged in any discriminatory conduct with respect to Plaintiff at any time.

7.      In answer to Paragraph 6 of the Second Amended Complaint, Defendant responds that Plaintiff's allegations in this paragraph are legal conclusions, not factual assertions, and Defendant is not obligated to respond since the law on these issues speaks for itself. If Plaintiff's legal conclusions are false, Defendant denies them.

8.      In answer to Paragraph 7 on page 2:23-24 of the Second Amended Complaint, Defendant responds that Plaintiff's allegations in this paragraph are legal conclusions, not

factual assertions, and Defendant is not obligated to respond since the law on these issues

speaks for itself. If Plaintiff's legal conclusions are false, Defendant denies them.

9.  In answer to Paragraph 7 on page 3:1-5 of the Second Amended Complaint,

according to City records, Plaintiff filed a workers compensation claim in 1992.  Defendant

lacks sufficient information or belief to respond to the remaining allegations contained therein

and, on that basis, denies said allegations.

10.  In answer to Paragraph 8 on page 2:25-26 of the Second Amended Complaint,

Defendant responds that Plaintiff's allegations in this paragraph are legal conclusions, not

factual assertions, and Defendant is not obligated to respond since the law on these issues

speaks for itself. If Plaintiff's legal conclusions are false, Defendant denies them.

11.  In answer to Paragraph 8 on page 3:6-10 of the Second Amended Complaint,

Defendant responds that, according to City records, at some point during her tenure  as a

Senior Analyst with the Department of Transportation, Plaintiff's responsibilities included

developing the division's operating budget, supervising at least one other staff member.

Plaintiff's duties did involve, in part, the utilization of a computer.  Except as so admitted,

Plaintiff lacks sufficient information or belief to respond to the remaining allegations and, on

that basis, denies said allegations.

12.  In answer to Paragraph 9 of the Second Amended Complaint, Defendant

hereby admits that Plaintiff filed a workers compensation claim dated March 4, 2004

regarding an injury which allegedly occurred on January 21, 2004.  Defendant also hereby

admits that Plaintiff subsequently sought medical treatment with Dr. Norman Kahen.

Defendant lacks sufficient information or belief to respond to the remaining allegations

contained therein and, on that basis, hereby denies said allegations.

13.  In answer to Paragraph 10 of the Second Amended Complaint, Defendant

hereby admits that Plaintiff underwent a Qualified Medical Evaluation with Dr. Nayak in or

about June, 2004.  Defendant further admits that, on or about July, 2004, Dr. Nayak

determined Plaintiff's claimed injury to be work related.  Except as so admitted, Defendants

hereby deny the allegations contained in Paragraph 10.

DEFENDANT CITY OF SAN JOSE'S ANSWER TO PLAINTIFF'S SECOND AMENDED
COMPLAINT

C07-04512 JW
455985

14.    In answer to Paragraph 11 of the Second Amended Complaint, Defendant hereby admits that Plaintiff underwent surgery to her right hand on or about November, 2004.  Defendant further admits that Plaintiff underwent surgery to her left hand on or about January, 2005 and underwent at least one steroid injection between December 2004 and January 2005.  Defendant lacks sufficient information or belief to respond to the remaining allegations contained therein and, on that basis, denies said allegations.

15.    In answer to Paragraph 12 of the Second Amended Complaint, according to City records, Plaintiff underwent a discogram during Spring 2005.  Defendant lacks sufficient information or belief to respond to the remaining allegations contained therein and, on that basis, hereby denies said allegations.

16.    In answer to Paragraph 13 of the Second Amended Complaint, according to City records, on or about May, 2005, Plaintiff underwent a surgical procedure.  Defendant lacks sufficient information or belief to respond to the remaining allegations contained therein and, on that basis, hereby denies said allegations.

17.    In answer to Paragraph 14 of the Second Amended Complaint, according to City records, following her May, 2005 surgery, Plaintiff had multiple physical therapy visits and was off work for a period on temporary disability.  Defendant lacks sufficient information or belief to respond to the remaining allegations contained therein and, on that basis, hereby denies said allegations.

18.    In answer to Paragraph 15 of the Second Amended Complaint, according to City records, Plaintiff returned to work on or about September 6, 2005 on a modified schedule.  Defendant lacks sufficient information or belief to respond to the remaining allegations contained therein and, on that basis, hereby denies said allegations.

19.    In answer to Paragraphs 16 of the Second Amended Complaint, Defendant hereby admits that Plaintiff, during the period between September 2005 and November 2005, Plaintiff sometimes worked on a modified basis and sometimes missed work. Defendant lacks sufficient information or belief to respond to the remaining allegations contained therein and, on that basis, hereby denies said allegations.

20.    In answer to Paragraphs 17 of the Second Amended Complaint, Defendant hereby admits that on or about November 2005, Plaintiff communicated to Defendant regarding an injury allegedly sustained that month involving a chair at work.  Defendant lacks sufficient information or belief to respond to the remaining allegations contained therein and, on that basis, hereby denies the said allegations.

21.    In answer to Paragraph 18 of the Second Amended Complaint, Defendant hereby admits that, subsequent to December 2005, Plaintiff was referred to a pain management treatment program and that said referral was initially rejected by Defendant. Defendant lacks sufficient information to respond to the remaining allegations contained in the allegations contained therein and, on that basis, hereby denies said allegations.

22.    In answer to Paragraph 19 of the Second Amended Complaint, Defendant responds that Plaintiff's allegations in this paragraph are legal conclusions, not factual assertions, and Defendant is not obligated to respond since the law on these issues speaks for itself. If Plaintiff's legal conclusions are false, Defendant denies them.

23.     In answer to Paragraph 20 of the Second Amended Complaint, Defendant hereby admits that the Equal Employment Opportunity Commission ("EEOC") issued a document entitled "Dismissal an Notice of Rights" dated December 20, 2006 in EEOC Charge No. 556-2006-00687.  Except as so admitted, Defendant hereby denies the allegations contained in Paragraph 20.

24.    In answer to Paragraph 21 of the Second Amended Complaint, Defendant hereby incorporates in full its response to paragraphs 1 through 20 above.

25.    In answer to Paragraph 22 of the Second Amended Complaint, Defendant responds that Plaintiff's allegations in this paragraph are legal conclusions, not factual assertions, and Defendant is not obligated to respond since the law on these issues speaks for itself.  If Plaintiff's legal conclusions are false, Defendant denies them.

26.    In answer to Paragraph 23 of the Second Amended Complaint, Defendant responds that Plaintiff's allegations in this paragraph are legal conclusions, not factual

assertions, and Defendant is not obligated to respond since the law on these issues speaks for itself.  If Plaintiff's legal conclusions are false, Defendant denies them.

27.    In answer to Paragraph 24 of the Second Amended Complaint, Defendant hereby admits that it became aware that Plaintiff sustained injuries to her neck, back, hands and wrists.  Except as so admitted, Defendants hereby deny the allegations contained in Paragraph 24.

28.    In answer to Paragraph 25 of the Second Amended Complaint, Defendant lacks sufficient information or belief to respond to the allegations contained therein and, on that basis, denies said allegations.

29.    In answer to Paragraphs 26 and 26a-f of the Second Amended Complaint, Defendant hereby denies the allegations contained therein.

30.    In answer to Paragraph 27 of the Second Amended Complaint, Defendant hereby denies the allegations contained therein.

31.    In answer to Paragraph 28 of the Second Amended Complaint, Defendant hereby incorporates in full its response to paragraphs 1 through 27 above.

32.    In answer to Paragraph 29 of the Second Amended Complaint, Defendant responds that Plaintiff's allegations in this paragraph are legal conclusions, not factual assertions, and Defendant is not obligated to respond since the law on these issues speaks for itself.  If Plaintiff's legal conclusions are false, Defendant denies them.

33.    In answer to Paragraph 30 of the Second Amended Complaint, Defendant responds that Plaintiff's allegations in this paragraph are legal conclusions, not factual assertions, and Defendant is not obligated to respond since the law on these issues speaks for itself.  If Plaintiff's legal conclusions are false, Defendant denies them.

34.    In answer to Paragraph 31 of the Second Amended Complaint, Defendant responds that Plaintiff's allegations in this paragraph are legal conclusions, not factual assertions, and Defendant is not obligated to respond since the law on these issues speaks for itself.  If Plaintiff's legal conclusions are false, Defendant denies them.

35.    In answer to Paragraph 32 of the Second Amended Complaint, Defendant hereby admits that it became aware that Plaintiff sustained injuries to her neck, back, hands and wrists.  Except as so admitted, Defendants hereby deny the allegations contained in Paragraph 24.

36.    In answer to Paragraph 33 of the Second Amended Complaint, Defendant lacks sufficient information or belief to respond the allegations contained therein and, on that basis, denies said allegations.

37.    In answer to Paragraph 34 and 34a-e of the Second Amended Complaint, Defendant hereby denies the allegations contained therein.

38.    In answer to Paragraph 35 of the Second Amended Complaint, Defendant denies the allegations contained therein.

39.    In answer to Paragraph 36 of the Second Amended Complaint, Defendant hereby denies the allegations contained therein.

40.    In answer to Paragraph 37 on page 7:23 of the Second Amended Complaint, Defendant hereby incorporates in full its response to paragraphs 1 through 36 above.

41.    In answer to Paragraph 38 on page 7:24-8:2 of the Second Amended Complaint, Defendant hereby denies the allegations contained therein.

42.    In answer to Paragraph 39 on page 8:3-6 of the Second Amended Complaint, Defendant hereby denies the allegations contained therein.

43.    In answer to Paragraph 40 on page 8:7-9 of the Second Amended Complaint, Defendant hereby denies the allegations contained therein.

44.    In answer to Paragraph 41 on page 8:10-11of the Second Amended Complaint, Defendant hereby denies the allegations contained therein.

45.    In answer to Paragraph 42 on page 7:13 of the Second Amended Complaint, Defendant hereby incorporates in full its response to paragraphs 1 through 41 above.

46.    In answer to Paragraph 43 on page 7:14-18 of the Second Amended Complaint, Defendant hereby denies the allegations contained therein.

47.    In answer to Paragraph 44 on page 7:19-20 of the Second Amended Complaint, Defendant hereby denies the allegations contained therein.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

That Plaintiff's Second Amended Complaint, and each and every claim for relief therein, fails to state facts sufficient to constitute a cause of action against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

That Defendant CITY OF SAN JOSE is entitled to immunity from Plaintiff's Second Amended Complaint herein by virtue of the provisions of the Government Code of the State of California, § 800 through 1000.

### THIRD AFFIRMATIVE DEFENSE

That Plaintiff's Second Amended Complaint, and each and every cause of action therein, is barred by the statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

That Plaintiff's Second Amended Complaint is barred in that Plaintiff failed to comply with Government Code sections 900, et seq.

### FIFTH AFFIRMATIVE DEFENSE

That Plaintiff has failed to comply with the requirements applicable to claims filed with the Equal Employment Opportunity Commission and the Department of Fair Employment and Housing and, consequently, does not have a viable claim against this answering Defendant.

### SIXTH AFFIRMATIVE DEFENSE

That Plaintiff has failed to exhaust her administrative remedies required as a condition precedent to the initiation of this action.

### SEVENTH AFFIRMATIVE DEFENSE

That Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of unclean hands, latches, waiver and/or estoppel.

1

### EIGHTH AFFIRMATIVE DEFENSE

2      That any act or omission by this Defendant alleged in said Second Amended

3  Complaint was a result of the lawful and proper exercise of discretion.

4

### NINTH AFFIRMATIVE DEFENSE

5      Plaintiff has failed to mitigate her damages, if any.

6

### TENTH AFFIRMATIVE DEFENSE

7      That Defendant CITY OF SAN JOSE is immune from a claim of exemplary or punitive

8  damages by virtue of Government Code § 818 and federal law.

9

### ELEVENTH AFFIRMATIVE DEFENSE

10     This answering Defendant acted in good faith at all times and is, therefore, immune

11  under the qualified immunity of good faith as to each and every claim for relief in Plaintiff's

12  Second Amended Complaint.

13

### TWELFTH AFFIRMATIVE DEFENSE

14     This answering Defendant alleges that all of the matters complained of in Plaintiff's

15  Complaint are legally subsumed within the workers' compensation laws of the State of

16  California and, therefore, Plaintiff has no right to sue in this Court and that the Court lacks

17  jurisdiction over the subject matter of this action in that Plaintiff's exclusive remedy are the

18  courts of the workers' compensation system.

19     **WHEREFORE,** Defendant requests that Plaintiff be denied any relief; that Defendant

20  be awarded its costs of suit; and such other and further relief as the Court may deem just

21  and proper.

22

### JURY TRIAL DEMAND

23     This answering Defendant hereby demands a jury.

24                                    Respectfully submitted,

25                                    RICHARD DOYLE, City Attorney

26  Dated: _____     By: _____/S/_____
                                               NKIA D. RICHARDSON
27                                             Deputy City Attorney
                                          Attorneys for CITY OF SAN JOSE
28

DEFENDANT CITY OF SAN JOSE'S ANSWER TO PLAINTIFF'S SECOND AMENDED     C07-04512 JW
COMPLAINT                                                              455985