```
1  SIDNEY C. FLORES, ESQ. (SBN 64082 )
   FLORES & BARRIOS
2  97 E. St. James Street, Ste 102
   San Jose CA 95112
3
   Mailing Address:
4  P.O. Box 266
   San Jose CA 95103-0266
5  Telephone : (408) 292-3400

6  Attorney for Plaintiff, EMILY BRIGGS

7
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EMILY BRIGGS, | CIVIL ACTION NO.: C-07-04512 JW |
| Plaintiff, | DECLARATION OF SIDNEY C. FLORES IN SUPPORT OF STIPULATED |
| vs. | REQUEST FOR ORDER CHANGING TIME |
| CITY OF SAN JOSE | [CIV. L. R. 6-2] |
| Defendant._____/ | |

I, Sidney C. Flores, hereby declare under penalty of perjury that:

1. I am an attorney at law duly admitted to practice law before all the courts of the State of California and the attorney of record for Plaintiff, Emily Briggs, in the above referenced case. If called to testify I could and would testify to the following.

2. On May 15, 2008, based on information from our client that her medical condition had worsened considerably, we attempted by letter to obtain a stipulation from the City Attorney's Office to extend the ENE time-lines that had been fixed by the parties and the ADR Program, as well as the deposition of our client which was scheduled for June 3, 2008. On or about May 13, 2008, my office provided the City Attorney's

        Office with a copy of a letter we had received from one of Ms. Briggs' treating physicians, Paul Reynolds, M.D.

3. Based on what the Defendant deemed to be insufficient evidence of our client's medical "unavailability", the City Attorney's Office initially refused to stipulate to our requests and our office then set out to obtain from Dr. Reynolds the more detailed information being requested by the Defendant.

4. Based upon said request, on May 20, 2008, we received another letter from Dr. Reynolds in which he set forth with more detail what our client's physical and psychological condition is, how it is being treated with an antidepressant, an antineuropathic, a benzodiazepine and local anesthetic and how, in his opinion, these medications in combination are most likely affecting her ability to properly conduct "any deposition" at the present time. Dr. Reynolds' two letters are attached hereto as Exhibits "A" and "B", respectively. Dr. Reynolds rendered his opinion only after consulting with Ms. Briggs' psychiatrist, Dr. Josh Kirz.

5. After offering this last letter to The City Attorney's Office, Deputy City Attorney Nkia D. Richardson graciously agreed to stipulate hereto. This Stipulated Request for Order is based solely upon the proffered medical opinion and is in no way a tactical delay on the part of counsel.

I hereby declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of June, 2008, in San Jose, California.

                                            /s/
                                    SIDNEY C. FLORES




May 20, 2008

<u>RE:</u> Briggs, Emily
<u>DOB:</u> 01/03/1957
<u>Employer:</u> City of San Jose
<u>DOI:</u> 01/21/2004
<u>Claim #:</u> 03001356-DM51

Sidney Flores, Esq.
97 E. St. James St.
San Jose, CA 95112
Fax: 408-292-3421


Dear Mr. Flores,

I reviewed the letters dated May 19th from you and May 15th from Nkia Richardson concerning Emily Briggs. I previously stated in a letter that I felt Emily Briggs should refrain from participating in the disability review. Apparently, my letter was 'vague.'

I have been providing Pain Management expertise to Ms. Emily Briggs for nearly two years. I began as a secondary treating physician to Dr. Aptekar and recently she has asked for me to act as her Primary Treating Physician. I believe her feelings about her situation, as transmitted to me by her, concern her lack of desire to proceed with any more surgical interventions, especially for her cervical, lumbar and upper extremity issues.

I have been and will continue to try to help medically manage Emily's situation with the least amount of opiates and antineuropathics possible. I have also been helping her keep her benzodiazepine use as low as possible. Her paticipation in the outpatient rehabilitation program was a significant break through for her. I helped her through that process as well.

She has been following up with Dr, Josh Kirz for Psychological help. He and I have discussed her case repeatedly. We have endeavored to work in concert together towards the goals of having Ms. Briggs manage her pain and psychological stress with the least amount of medications. For the most part this has been successful, however, obviously, she is not at a point where return to work is possible. In that regard, however I think we have established a good realization, in that she understands and accepts this at a fundamental level. Initially, in her care this had not been fully addressed or accepted. She is ready to put her worker's compensation case behind her and move on with life.

She has the tools to help her manage her pain with minimal medication, however continues to need guidance in



EXHIBIT B

 

May 7, 2008

Mr Sidney Flores, Esq
97 E St James St
Suite 102
San Jose, CA 95112
Fax: 408-292-3421

<u>RE</u> Briggs, Emily
<u>DOB</u>: 01/03/1957

Dear Mr. Flores,

I spoke with your office recently in regards to Emily Briggs, who has been a patient of mine at the BAPWC. I feel strongly that she should not be required to participate in litigation for the next three months.

I had let the adjuster know recently that I felt it would be best if she could get the entire issue of her medical disability retirement and this Worker's Compensation Case behind her. Thank you for your help.

If I can be of further service to Mrs. Briggs or you please let me know.

Sincerely,

Paul Reynolds, MD

**Claim Adjuster:**
Elena Backman
152 N. 3rd Street # 904
San Jose, CA 95112
Fax: 408-292-6447

